CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG -3 2012
JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELIZABETH MCPHERSON, | ) |
|     Plaintiff, | ) Civil Action No. 7:11CV00498 |
| v. | ) **MEMORANDUM OPINION** |
| KROGER LIMITED PARTNERSHIP I, | ) By: Hon. Glen E. Conrad |
|     Defendant. | ) Chief United States District Judge |

In this premises liability action, Elizabeth McPherson seeks to recover for personal injuries sustained when she fell inside a grocery store owned and operated by the defendant, Kroger Limited Partnership I ("Kroger"). The case is presently before the court on Kroger's motion for summary judgment. For the reasons that follow, the court will grant Kroger's motion.

### Statements of the Facts

The following facts are presented in the light most favorable to the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (noting that all evidence must be construed in the light most favorable to the party opposing summary judgment).

On March 15, 2010, McPherson entered the defendant's store in Rocky Mount, Virginia to shop for groceries. The accident at issue occurred while McPherson was in the meat department. She parked her shopping cart and walked to the stand-alone meat bunker in the middle of the aisle, where the frozen turkey breasts were located. While McPherson was examining the frozen turkey breasts, her right foot became lodged underneath the bunker. When she pulled her foot free, she fell to the floor and injured her left knee.

McPherson checked to see what might have caused her to fall and saw an electrical receptacle "hanging down" from the meat bunker. (McPherson Dep. at 30.) She subsequently

spoke to Brenton Helms, the store's co-manager, and advised him that she had "hooked [her] foot" on the receptacle. (Id. at 37.) Although Helms did not see McPherson fall, he included this information in an incident report that he completed following the accident. In response to a question regarding whether there was anything on the floor where McPherson fell, Helms circled "y[es]" and wrote "electrical outlet on bottom of bunker." (Helms Dep. Ex. 1.) Helms noted that the receptacle was "1.5 [inches] off of bunker." (Id.)

During his deposition, Helms explained that all of the bunkers have electrical receptacles on the ends of the cases, and that they are recessed six to eight inches under a lip. The receptacles are affixed to the cases with screws. When a receptacle is appropriately mounted, it is essentially flush with the recessed portion of the case. Helms testified that, in his ten years working for Kroger, he did not believe that he had ever encountered a receptacle that was pulled from its proper position. Likewise, Helms testified that he could not recall anyone ever advising him of any problems with an electrical receptacle under a bunker. Helms acknowledged that examining the electrical receptacles was not "high on [his] list of inspection items," (Helms Dep. at 22), when he "walked around the store probably a hundred times a day" (Id. at 7).

McPherson testified that she did not see the electrical receptacle before she fell. McPherson also acknowledged that she does not know what caused the receptacle to come loose or when the receptacle came to be in that condition. Likewise, in her responses to Kroger's requests for admissions, McPherson admitted that she has no information or knowledge as to how long the receptacle had been loose prior to her fall. McPherson further admitted that she has no information or knowledge that any Kroger employees had actual knowledge of a loose or dangling electrical receptacle before her accident.

2

## Procedural History

On September 29, 2011, McPherson filed this negligence action against Kroger in the Circuit Court for the County of Franklin. Kroger removed the action to this court on the basis of diversity of citizenship. Following the close of discovery, McPherson moved for summary judgment. The court held a hearing on the motion on July 25, 2012. The motion has been fully briefed and is ripe for review.

## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, an award of summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the court must construe the record in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. To withstand a motion for summary judgment, the non-moving party must offer evidence demonstrating the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case.") (internal quotation marks omitted).

## Discussion

In Virginia, "[t]he rules applicable to slip-and-fall cases are well settled." Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990). Under these rules, a store owner is not an insurer of an invitee's safety on the premises, but must use ordinary care to render the premises reasonably safe for the invitee's visit. Fultz v. Delhaize Am., Inc., 677 S.E.2d 272, 274 (Va. 2009). Ordinary care requires the owner to keep the premises in a reasonably safe condition; to remove, within a reasonable time, foreign objects and substances from the floor when the owner

knows or should know of their presence; and to warn unknowing customers of unsafe conditions of which the owner knows or should know. Winn-Dixie Stores, 396 S.E.2d at 650.

To establish a prima facie case of negligence in a premises liability action, "the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993). When there is no evidence of actual knowledge, as is the case here, the plaintiff must proffer sufficient evidence to make out a prima facie case of negligence based on constructive knowledge. Id. To establish constructive knowledge of a defective condition on the premises, the plaintiff must show that the defect was noticeable, and that it had existed for a sufficient length of time to charge the store owner with notice. Id. at 890. "Hence, if the evidence fails to show when a defect occurs on the premises, the plaintiff has not made out a prima facie case [of negligence]." Id. (citing Winn-Dixie Stores, 396 S.E.2d at 651).

In Grim v. Rahe, a four-year-old boy sustained an electrical burn to the palm of his hand, when he touched a broken light receptacle that was located under the counter at the defendant's restaurant. Id. at 888. Although an eyewitness testified that the receptacle had no cover and that a portion of it was "busted off," the plaintiffs presented no evidence indicating when the receptacle was broken or that an employee was aware of, or reported, its broken condition. Id. at 889. Because the plaintiffs' evidence did not show "when the fixture was broken," the Supreme Court of Virginia held that they "did not make out a prima facie case of negligence and that the trial court correctly struck their evidence." Id. at 890. In reaching this decision, the Supreme Court emphasized that if it "imposed a duty . . . to discover and remedy this broken fixture when it might have been broken minutes before [the boy's] injury, [the Court] would effectively

4

require [the restaurant] to insure its customers against injury by such fixtures that are not inherently dangerous if unbroken." Id.

In the instant case, the court concludes that McPherson's claim fails for the same reason. Even assuming that the electrical receptacle was loose and dangling when McPherson approached the meat bunker, she has failed to proffer any evidence of the duration of the receptacle's defective condition. Indeed, it is undisputed that McPherson has no information or knowledge as to when the electrical receptacle came to be loose or dangling, or as to how long it had been in that condition prior to her fall. Without such evidence, McPherson cannot establish a prima facie case of negligence and, thus, summary judgment is appropriate.[1] Id.; see also Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 454 (4th Cir. 2004) ("Even assuming that [plaintiff] established that an unsafe condition existed in the display when she arrived, she failed to provide sufficient evidence of how much earlier the condition arose, and thus cannot establish

---

[1] Recognizing this deficiency in her case, McPherson argues that Kroger should nonetheless be charged with constructive notice because its employees' store inspections were inadequate. See Pl.'s Br. at 10 ("Lack of adequate inspection obviates the need . . . for the plaintiff to determine how long a dangerous condition existed . . . ."). This argument, however, finds no support in the existing precedent, and has been expressly rejected by another judge in this district. See Puckett v. WilcoHess LLC, No. 7:11cv00214, 2012 U.S. Dist. LEXIS 25784, at *7 n.3 (W.D. Va. Feb. 29, 2012) (Wilson, J.) ("Puckett deposed various WilcoHess employees regarding WilcoHess' inspection and spill clean-up procedures, and attempts to conjure a genuine issue of material fact regarding WilcoHess' inspection regime. But at the end of the day, Puckett still does not know what caused him to fall or when the alleged unsafe condition arose. Under the circumstances, the adequacy of WilcoHess' inspection regime is immaterial."); see also Grim, 434 S.E.2d at 890 ("Here, the evidence does not show when the fixture was broken. Nevertheless, the Grims contend that 'the jury could have decided that even one day with the light fixture in the condition described . . . was sufficient to have discovered the danger given the type of restaurant involved.' We need not decide whether the one-day period suggested by the Grims would justify such a finding by the jury because, as the trial court put it, 'there is absolutely no evidence as to when the fixture was broken, how it was broken, no evidence that the owner knew about it. It could have been broken five minutes ago or sooner.'").

5

the condition was in existence for a time sufficiently long for a jury to conclude that Wal-Mart was negligent in addressing it.").

## Conclusion

For the reasons stated, McPherson has failed to proffer evidence from which a reasonable jury could find that Kroger had actual or constructive knowledge of the defective condition that allegedly caused her to fall.[2] Accordingly, the court will grant Kroger's motion for summary judgment.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 3rd day of August, 2012.

_____
Chief United States District Judge

---

[2] Having reached this decision, the court finds it unnecessary to address the other arguments raised in support of the defendant's motion.